IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 2009 CAIOLA FAMILY TRUST, <br> a New Jersey Trust, and LOUIS CORTESE <br><br> Plaintiffs, <br><br> v. <br><br> PWA, LLC, a Kansas limited liability company, <br><br> Defendant, <br><br> and <br><br> DUNES POINT WEST ASSOCIATES, LLC, <br> A Delaware limited liability company, <br><br> Nominal Defendant. | Civil Action No. 12-1583-GMS |

## ORDER

WHEREAS, the plaintiffs filed a civil action in the Court of Chancery of the State of Delaware on November 13, 2012 (D.I. 1 at Ex. A);

WHEREAS, the defendants removed that case from the Court of Chancery to the U.S. District Court for the District of Delaware on November 27, 2012, in what is now the above-captioned action (D.I. 1);

WHEREAS, on November 30, 2012, the plaintiffs filed a Motion to Remand (D.I. 3), accompanied by an Opening Brief in support (D.I. 4);

WHEREAS, on December 14, 2012, the defendants filed an Answering Brief in opposition to the plaintiffs' remand request and, on December 21, 2012, the plaintiffs filed their Reply (D.I. 14);

WHEREAS, the plaintiffs request that the court grant their motion to remand for lack of subject matter jurisdiction because, they argue, diversity jurisdiction does not exist in this case[1] (D.I. 4; D.I. 14);

WHEREAS, the court, having considered the plaintiffs' motion, the parties' submissions in connection therewith, and the applicable law;

IT IS HEREBY ORDERED THAT:

1.    The plaintiffs' Emergency Motion to Remand (D.I. 3) is GRANTED;[2]

---

[1] The plaintiffs maintain that Dunes Point West Associates, LLC ("Dunes Point") is not a "nominal" party as it is captioned in this matter, and is, instead, a real party to this suit, which contains derivative claims for breach of fiduciary duty asserted on behalf of Dunes Point, and a claim for declaratory relief under 6 DEL. C. § 18-110 ("Section 18-110"). (D.I. 4 at 1.) The plaintiffs contend that there is no diversity jurisdiction in this case, necessitating remand. Specifically, because Dunes Point is an LLC, it is a citizen of the domiciles of its members—New York, New Jersey, and Kansas—resulting in citizens of the same states being present on both sides of this action and, therefore, no diversity jurisdiction. *See Zambelli Fireworks Manufacturing Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("The citizenship of an LLC is determined by the citizenship of each of its members."); *see also* D.I. 4 at 1.

[2] District courts are "courts of limited jurisdiction" and, as such, "possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A case may be removed "to the district court of the United States for the district and division embracing the place where such action is pending" if that district court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 or § 1332(a). *See* 28 U.S.C. § 1441(a). Thus, the court may exercise jurisdiction over this action if the case is one in which it has original jurisdiction. *See* 28 U.S.C. § 1441(a). Here, because no federal question is involved that would provide this court with jurisdiction under § 1441(a), this case may be removed only if diversity jurisdiction exists between the parties. 28 U.S.C. § 1332(a). It is well established that "absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp.*, 545 U.S. at 564 (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996)). Complete diversity exists where all parties on the plaintiffs' side are citizens of different states than all parties on defendants' side. *Id.*

In removal matters such as this, the "removing party" bears the burden of establishing that removal jurisdiction exists and federal statutes governing removal are to be strictly construed, such that doubts over whether removal is proper should be resolved in favor of remand. *See Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("[A]ll doubts should be resolved in favor of remand."); *see also Alessi v. Beracha*, 244 F. Supp. 2d 354, 356 (D. Del. 2003) (noting that the removal statute is "strictly construed, requiring remand to state court if any doubt exists over whether removal was proper"). In determining whether remand is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed" and assume that the factual allegations contained therein are true. *Id.*

Federal courts cannot exercise jurisdiction based on "the parties own determination of who are plaintiffs and who are defendants." *In Re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litigation*, 15 F.3d 1230, 1240 (3d Cir. 1994). Rather, it is the court's duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute," as well as to determine if there is a collision between the parties. *Id.* at 1240 (quoting *Dawson v. Columbia Trust Co.*, 197 U.S. 178, 180 (1905)). To determine if there is a collision of interests, the court first "must identify the primary issue in controversy." *Id.* at 1240; *see also Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 942 F.2d 862, 864 (3d Cir. 1991) ("*Wausau I*"). The court is tasked with assessing this "primary" claim in order to ascertain whether the parties have satisfied the statutory requirements sufficient to confer jurisdiction on the court. *See, e.g., In Re Texas*, 15 F.3d at 1240 (discussing the "primary purpose" test of *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69-70 (1941)); *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d

2

42, 45 (3d Cir. 1990) ("*Wausau II*"). In this assessment, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). "Nominal parties are generally those without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991). Specifically, a nominal party is often defined as a party with no "interest in the result of the suit" or "no actual interest or control over the subject matter of the litigation." *Id.*

    PWA, LLC ("PWA") contends that because the plaintiffs named Dunes Point as a nominal defendant in the original action, the court should disregard that party for the purpose of determining whether diversity jurisdiction exists. (D.I. 12 at 6.) Importantly, however, the court's determination is not guided by the parties' representations as to who is or is not a real party in an action and a "nominal" designation does not control in assessing diversity jurisdiction. *In Re Texas*, 15 F.3d at 1240. As noted, when aligning the parties the court must instead identify the primary dispute and look beyond the pleadings to align each party according to its side in that dispute. *See Wassau II*, 905 F.3d at 45-46. The court must then determine whether the "nominal" party is, in fact, a real party to the action. In consideration of the record before it, the court finds that the primary issue in dispute involves the validity of the plaintiffs' removal of PWA as a Managing Member of Dunes Point due to alleged mismanagement under the Operating Agreement and in accordance with Section 18-110.

    The plaintiffs argue, however, that the court need not determine the primary issue because that test only addresses the proper alignment of the parties in a dispute for purposes of assessing whether there is complete diversity. (D.I. 14 at 5 (citing *Wassau II*, 942 F.2d at 864. Specifically, the plaintiffs note that alignment is not at issue in this case because, regardless of how Dunes Point is aligned, complete diversity does not exist if it is a real party in interest. (*Id.* (citing *Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 120 (4th Cir. 2004) (concluding that a realignment determination was not necessary where "[i]n either case diversity jurisdiction does not exist [because] . . . [t]he alien citizenship on both sides of the controversy destroys diversity").) The court agrees. Moreover, even if determination of the "primary issue" were required, the court finds that the defendants mischaracterize this issue by failing to take into account: (1) the Delaware General Assembly's requirement that Dunes Point "shall be named as a party" in this Section 18-110 action, which makes it a necessary party to this case; and (2) that Section 18-110 is an *in rem* proceeding and Dunes Point is the entity that owns the *res* and, therefore, is the only party before the court in its "individual capacity." (*Id.* at 6 (citing *Genger v. TR Investors, LLC*, 26 A.3d 180, 200 (Del. 2011)).) Contrary to the defendants' characterization of the "primary issue" as the interpretation of the Operating Agreement, the court finds that the plaintiffs' claims are, in fact, interrelated, resulting in both direct and derivative claims. In particular, the plaintiffs' claims include a derivative claim for breach of fiduciary duty asserted on behalf of Dunes Point and a claim for declaratory relief under Section 18-110 that the defendant was properly removed as manager of Dunes Point as a result of its fiduciary duty breach. Thus, the defendants' alleged breach of fiduciary duty to Dunes Point formed the basis of the plaintiffs' removal of the defendant as the managing director of Dunes Point. *See Bakerman v. Sidney Frank Importing Co., Inc.*, No. Civ. A. 1844-N, 2006 WL 3927242, at *19 (Del. Ch. Oct. 16, 2006) (recognizing that the plaintiff may bring both direct and derivative claims in a case arising from the same transaction).

    Moreover, notwithstanding the "primary issue" determination, the court notes that accusations of improper management generally implicate the potential for substantial harm to the limited liability company itself. *See generally Nomura Asset Capital v. Overland Co., Inc.*, No-02-1604-GMS, 2003 WL 138093, at *2 (D. Del. Jan. 8, 2003) ("That the alleged wrongs may have also impacted [plaintiffs] as [members of the LLC] does not change the court's conclusion that the primary nature of this suit is derivative."). The Complaint includes allegations that PWA breached the fiduciary duties owed to both the plaintiffs and Dunes Point by, among other things, engaging in mismanagement and self-dealing by refusing to replace the property manager for Dunes' Point's property and improperly paying management fees to the previous asset manager for the property. (D.I. 1 at Ex. A.) Accordingly, Dunes Point has an interest in the derivative claim because it will receive recovery won in the suit. *See In re Pittsburgh & L.E.R. Co. Securities and Antitrust Litig.*, 543 F.2d 1058, 1068 (3d Cir. 1976) ("The proceeds of the action belong to the corporation [LLC] and it is bound by the results of the suit."); *Khoury v. Oppenheimer*, 540 F. Supp. 737, 738-39 (D. Del. 1982) (concluding that a corporate defendant was not a "nominal party" where the nature of the suit was a derivative action). In fact, the Complaint itself seeks monetary damages on behalf of Dunes Point. (D.I. 1, Ex. 1 at 14.)

    Contrary to the defendants' argument that, per *Polak v. Kobayashi*, Dunes Point is a "nominal" party that should not be considered, here, Dunes Point is a necessary party to the plaintiffs' derivative and Section 18-110 claims. *See Polak v. Kobayashi*, No. Civ. A. 05-330-JFF, 2005 WL 2008306 (D. Del. Aug. 22, 2005) (*Polak I*) ; *see also Polak v. Kobayahi*, No. Civ. A. 05-330-SLR, 2008 WL 4905519, at *8 (D. Del. Nov. 13, 2008) (*Polak II*) (noting that "the plaintiff's claims for breach of fiduciary duty, declaratory judgment, and unjust enrichment are, at least in part, derivative claims" and that the "claims derivative components make them claims for which [the LLC] is the real party

3

2. The plaintiffs' request for attorneys' fees, costs and expenses is DENIED[3]; and

---

in interest"). Moreover, whereas *Polak* did not, at least initially, consider the citizenship of the nominal party because it was not a real party in interest insofar as any benefit would accrue to the individual plaintiff, Dunes Point is a necessary party to the claims and will receive recovery. Finally, and as noted above, Section 18-110 requires that Dunes Point "shall be named as a party" to that action. *See* 6 DEL. C. § 18-110(a) (noting that the LLC that is the subject of the governance dispute "shall be named as a party" in a Section 18-110 action).

In view of the foregoing, the court concludes that Dunes Point is not a "nominal" party, because it has a significant and real interest in the outcome, including an interest in both the derivative and Section 18-110 claims. Indeed, as the plaintiffs note, Dunes Point was termed a "nominal" party because this designation is consistent with local practice in the Court of Chancery, not based on its involvement or lack of involvement it the suit. (D.I. 4 at 1.) Given that it is undisputed that plaintiffs are citizens of New Jersey and New York, defendant PWA is a citizen of Kansas, and the members of Dunes Point are citizens of New York, New Jersey and Kansas, the court finds that regardless of whether Dunes Point is aligned as a plaintiff or defendant, diversity is destroyed. Given this and Dunes Point's particular interest in adjudicating the suit, the court finds that the parties lack diversity of citizenship and, therefore, remand is appropriate. *See* 28 U.S.C. § 1447(c) (mandating remand if the district court lacks subject matter jurisdiction over a removed case). Thus, the court concludes that the defendant has not met its burden of demonstrating that removal was proper.

The court notes that, in reaching this decision, it does not address the defendants' argument that the plaintiffs' derivative fiduciary duty claim fails as a matter of law. (D.I. 12.) The court finds that it cannot adequately assess the merits of the defendants' assertion or the validity of the plaintiffs' claim at this stage on the current record.

[3] Pursuant to 28 U.S.C. § 1447(c), when removal of an action is improper—regardless of whether it was removed in "bad faith"—the plaintiff may be entitled to recover the attorneys' fees, costs, and expenses associated with opposing the removal. *See Mints v. Educ. Testing Serv.*, 99 F. 3d 1253, 1259 (3d Cir. 1996) (concluding that a court "may require the payment of fees and costs by a party which removed a case [and] the court then remanded, even though the party removing the case did not act in bad faith"). Generally speaking, courts "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Mints v. Educational Testing Service*, 99 F.3d 1253, 1260 (3d Cir. 1996). The plaintiffs assert that the awarding of attorneys' fees is appropriate in this case because: (1) the defendants "presumably" and improperly "removed this action precisely in order to avoid the priority given to these types of cases by the Court of Chancery so that it can continue to control Dunes Point without a *status quo* order that would prohibit it from engaging in transactions outside the ordinary course of Dunes Point's business" (D.I. 4 at 2); and (2) the defendants' removal of this action is improper and "objectively unreasonable" (*id.* at 6-15). In support of their first argument, the plaintiffs note that the defendants removed this action just two days before the Court of Chancery teleconference to address the plaintiffs' motion to expedite and its *status quo* motion, "presumably" to avoid expedited consideration. (*Id.* at 4.) The court is not persuaded by this argument, however, as the plaintiffs have provided no evidence, aside from reciting the timing of the defendants' withdraw, to support a presumption of bad faith or improper removal on these grounds.

PWA removed this action alleging that removal was proper because Dunes Point is a true nominal defendant based on its expressed belief that the primary issue in dispute is a matter between members as to the terms of the Operating Agreement. (D.I. 12 at 8.) While the court finds that Dunes Point is a necessary party to the plaintiffs' claims, it must also assess the reasonableness of PWA's removal. *See Martin*, 546 U.S. at 141. In light of the record before it and the parties' submissions, the court concludes that PWA was not "objectively unreasonable" in arguing that, based on its assessment of the "primary issue," Dunes Point is not a real party in interest and, therefore, that removal was proper. Specifically, the instant dispute involves individual members of a limited liability company, in an action seeking to enforce the validity of the removal of one member by another as a Managing Member. While the court recognizes, as noted above, that accusations of improper management generally implicate the potential for substantial harm to the limited liability company itself, *Nomura*, No-02-1604-GMS, 2003 WL 138093, at *2, here, the court finds that PWA did not act unreasonably in asserting that Dunes Point was not a real party in interest based on the nature of the plaintiffs' claims. (D.I. 12 at 6-9 (citing *e.g., Polak I*, 2005 WL 2008306, at *2 (finding that the company had no substantial interest in a suit involving claims for dissolution of that company because the claim constituted a dispute between the company members); *Polak II*, 2008 WL 4905519, at *8 (concluding that, although the derivative claims should be remanded, the court had diversity jurisdiction over the dissolution claim). Thus, the

4

3. This matter is hereby REMANDED to the Court of Chancery of the State of Delaware.

Dated: July 10, 2013

                                         CHIEF UNITED STATES DISTRICT JUDGE

---

court concludes that the defendants' removal was not "objectively unreasonable" and the award of attorney fees is not appropriate in this case.

5